J-A08024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID HATCHIGIAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RAYMOND QUAGLIA, REGINA QUAGLIA, ARNOLD DRANOFF, DRANOFF & PATRIZIO, P.C., STEVE LEVENTHAL, REGER, RIZZO & DARNALL LLP, TRAVELERS, FARMINGTON INS. CO. | |
| Appellees | No. 2390 EDA 2016 |

Appeal from the Order Entered July 19, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1890, March Term, 2016

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 20, 2017**

David Hatchigian ("Hatchigian") appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting the preliminary objections filed by Raymond Quaglia, Regina Quaglia, Farmington Casualty Company, Steven G. Leventhal, Esquire, and Reger Rizzo & Darnell, LLP, and dismissing the action based on the doctrine of *lis pendens*.  We affirm.

This case arises out of an attorney/client relationship between Hatchigian and Defendant Raymond Quaglia, Esquire ("Quaglia").  Quaglia had represented Hatchigian in several matters, and, thereafter, Quaglia filed

_____

[*] Former Justice specially assigned to the Superior Court.

a breach of contract suit against Hatchigian for unpaid fees. He also filed a defamation suit against Hatchigian as a result of Hatchigian's filing an affidavit of forgery against Quaglia. That matter ultimately settled; however, after the parties agreed to the terms of the settlement, and the praecipe for discontinuance was filed, Hatchigian filed a petition to strike his own praecipe to discontinue. The trial court denied that petition. A panel of this Court affirmed. *Quaglia v. Hatchigian*, 2638 EDA 2013 (unpublished memorandum, filed August 4, 2014). The Pennsylvania Supreme Court denied Hatchigian's petition for allowance of appeal. *Quaglia v. Hatchigian*, 628 Pa. 633 (Pa. November 25, 2014).

In September 2015, Hatchigian filed suit against Quaglia, Arnold Dranoff, the law firm of Dranoff & Patrizio PC, Steven Leventhal, Reger Rizzo & Darnell, and Farmington Casualty Company (incorrectly named as Travelers Insurance Company), claiming he never received the $7,000 in settlement funds due,[1] and raising claims of fraud, negligent mishandling of settlement proceedings, breach of contract, failure to deliver settlement proceeds, breach of settlement contract, and bad faith ("the 2015 case"). Hatchigian filed a motion to amend his complaint to add a claim of bad faith against Farmington and a claim of legal malpractice against Leventhal and

---

[1] On December 17, 2014, Hatchigian's attorney mailed a check for $7,000.00, dated December 19, 2011, issued from the Dranoff & Patrizio client escrow account, which had represented Quaglia in the original matter.

Reger Rizzo & Darnell.  The trial court denied Hatchigian's motion to amend.

The 2015 case is pending in the court of common pleas.

On March 21, 2016, Hatchigian filed the instant lawsuit ("the 2016 case") against Quaglia, Regina Quaglia (Quaglia's wife), Arnold Dranoff, the law firms of Dranoff & Patrizio PC, Steen Leventhal, Reger Rizzo & Darnell, and Farmington Casualty Company (incorrectly named as Travelers Insurance Company).  Defendants filed preliminary objections, and the trial court, by order dated July 20, 2016, granted preliminary objections based on the doctrine of *lis pendens* and dismissed the case.  The trial court determined that the 2016 case raised the same claims as the 2015 case, and that "comparison of the Proposed Amended Complaint [Hatchigian] wished to file in the 2015 case and the Complaint filed in [the] 2016 case reveals they are almost identical."  Trial Court Opinion, 8/16/16, at 3.  The court determined that the only differences were the addition of Regina Quaglia as a defendant, even though there are no allegations against her,[2] and "de minimis changes in [the] wording of several paragraphs."  *Id.*

Hatchigian filed a notice of appeal, and the trial court ordered Hatchigian to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Hatchigian filed a timely Rule 1925(b) statement,

---

[2] Hatchigian added Regina Quaglia as a defendant solely to allow any judgment obtained against Quaglia to be collected from the Quaglias' marital assets.  *See* Plaintiff's Response in Opposition to Regina Quaglia's Preliminary Objections, 7/5/16, at 2.

however, his statement of errors did not include anything with respect to *lis pendens*, which was the basis of the court's ruling. Notably, in his statement of issues in his appellate brief, Hatchigian changes the wording of error number 3 from his Rule 1925(b) statement by adding the phrase "by sustaining *lis pendens* objection[.]" This misrepresents the issues raised in the Rule 1925(b) statement before the trial court,[3] and fails to preserve the only issue that might properly be raised before this Court. **See** Pa.R.A.P. 1925(b)(4)(vii)("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[4] We, therefore, agree with the trial court that Hatchigian has preserved nothing for review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2017

---

[3] We note that Hatchigian is representing himself in this matter.

[4] Hatchigian raised six issues in his Rule 1925(b) statement, none of which raised *lis pendens*. The trial court did not address any of the issues as nothing Hatchigian raised pertained to the underlying ruling.